106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan MOYER, as father of Melissa Rae and Daniel Rae Moyer;
and, as personal representative for the Estates of Melissa
Rae and Daniel Rae Moyer; Judie Pfenniger, personally as
mother of Trenda Moyer; and, as personal representative of
the Estate of Trenda Moyer, Plaintiffs-Appellants
v.
WASHINGTON STATE, Defendant
and
United States of America, Defendant-Appellee.
 No. 95-35858.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Jan. 17, 1997.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and WILLIAMS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dan Moyer and Judie Bensley filed suit as personal representatives for the estates of Trenda Moyer, Melissa Moyer, and Daniel Moyer, who were killed when a douglas fir fell on their car on State Road 41 in Mt. Baker-Snoqualmie National Forest. The district court ruled that it lacked subject matter jurisdiction because the discretionary function exception to the Federal Tort Claims Act (FTCA) immunized the United States from suit. Appellants timely appealed and we affirm.
 
 
 4
 The discretionary function exception excludes government liability from the FTCA's broad waiver of sovereign immunity for claims "based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. 2680(a).
 
 
 5
 To determine whether the challenged conduct falls under the exception we must perform a two-step analysis. First, we ask if the challenged actions involve "an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273 (1991); Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995). "This 'discretionary act' requirement is not satisfied if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive.' " Sabow v. United States, 93 F.3d 1445, 1451 (9th Cir.1996) (quoting Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958-59 (1988)).
 
 
 6
 Once we have established that an element of choice or judgment exists, we must determine " 'whether that judgment is of the kind that the discretionary function exception was designed to shield.' " Id. (quoting Gaubert, 499 U.S. at 322-23). More specifically, "[i]f the judgment involves considerations of social, economic or political policy, the exception applies." In re Glacier Bay, 71 F.3d 1447, 1450 (9th Cir.1995).
 
 
 7
 The Appellants allege that the United States Forest Service failed to follow "specifically prescribed mandates" regulating tree removal on the parkway where the accident occurred. However, they are unable to identify any guidelines directing the Forest Service to identify and remove hazardous trees.
 
 
 8
 To the contrary, the agreements governing the parkway gave the Washington State Department of Transportation responsibility for maintaining the road. While the Forest Service may have assisted the State's maintenance efforts, no specific directives applied. As the district court correctly concluded, "there is simply no mandatory federal regulation or policy, 'allowing no judgment or choice', applicable to the detection and removal of infirm trees along SR 410."
 
 
 9
 The Appellants contend that even if discretion does exist, hazardous tree removal is a safety issue which falls outside the exception's second prong and removes governmental immunity. This prong is satisfied only when "government actions and decisions [are] based on considerations of public policy." Valdez, 56 F.3d at 1179 (quoting Gaubert, 499 U.S. at 323, 111 S.Ct. at 1274).
 
 
 10
 Again, the Appellants fail to provide any objective support for their contention that the Forest Service's actions were not policy-based. Administration of SR 41 is replete with the type of policy decisions protected by the discretionary function exception. The Forest Service was required to consider not only highway safety, but other factors, including: the preservation of the old-growth forest lining the roadway; protection of the Spotted Owl, which resides in the forest; and the various recreational uses of the forest. The Forest Service must also reconcile these considerations with its limited budget. We have considered budgetary issues in our policy analysis. See Valdez, 56 F.3d at 1180 ("[i]n this case, therefore, the NPS must balance the goal of public safety against competing fiscal concerns").
 
 
 11
 Because the discretionary function applies, the district court correctly dismissed the case for lack of subject matter jurisdiction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Hon. Spencer M. Williams, Senior United States District Court Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3